IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LLOYD J. MINER**<br>427 W. Upsal Street<br>Philadelphia, PA 19119<br><br>*Plaintiff,*<br><br>vs.<br><br>**CITY OF PHILADELPHIA**<br>1401 JFK Blvd<br>Philadelphia, PA 19102<br><br>*Defendant.* | No. _____<br><br>CIVIL ACTION<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Lloyd Miner (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by the City of Philadelphia (hereinafter referred to as "Defendant") of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq.*), the Pennsylvania Human Relations Act ("PHRA - 43 Pa. C.S. §§ 951 *et. seq.*), and the Philadelphia Fair Practices Ordinance ("PFPO").[1] Plaintiff asserts herein that he was subjected to a hostile work environment and retaliated against by his employer, the City of Philadelphia, in violation of these laws and seeks damages as set forth more fully herein.

---

[1] Plaintiff's claims under the PHRA and PFPO are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADA. Plaintiff's PHRA and PFPO claims however will mirror identically his federal claims under the ADA.

## JURISDICTION AND VENUE

2. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. State of Washington, 326 U.S. 310 (1945) and its progeny.

3. This action is initiated pursuant to federal law(s). The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as her federal claims herein.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff is proceeding herein under Title VII and the PHRA and has properly exhausted his administrative remedies with respect to such claims by timely dual filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC and after the charges have remained with the PHRC for over one year as required under 43 P.S. §962(c).

2

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with and address as set forth in the caption.

8. Defendant, the City of Philadelphia, is the largest city in the state of Pennsylvania. At all relevant times herein, Plaintiff worked in the Inspection Code Enforcement Department, which is charged with enforcing Defendant's codes for the safe and lawful construction and use of buildings.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a black (African-American) male.

12. Plaintiff was hired to work for Defendant on or about July 11, 2016, as a Code Enforcement Inspector in Defendant's Licenses and Inspection Code Enforcement Department (*hereinafter* "L&I Department").

13. Plaintiff initially worked for Defendant in its North Operations District, then on or about January 29, 2018, he was transferred to Defendant's West Operations District, followed by another transfer on or about May 10, 2021, to Defendant's South Operations District.

14. While employed with Defendant, relevant management has included but is not limited to: Manager, Michael Troise (hereinafter "Troise" – Caucasian) and Supervisors Robert

3

Taylor (*hereinafter* "Taylor"), Ted Pendergrass (*hereinafter* "Pendergrass"), and John Grace (*hereinafter* "Grace"). During his employment with Defendant, Plaintiff has been a hard-working employee who performs his job well and was even noted by Troise as being a "top inspector" in early 2020.

15. Beginning in or about 2017, Defendant's management, including but not limited to Troise, began discriminating against Plaintiff and stereotyping him as an aggressive black male. Specifically, Troise accused Plaintiff of being "too aggressive" in implementing his inspections and writing up fire code violations despite that any and all marks/failures/violations Plaintiff wrote up were **valid** failure for which Plaintiff had been trained to document when inspecting.

16. Despite following his training and Defendant's policies in writing up valid failures/violations, Defendant began to disparately subject Plaintiff to surveillance by the Inspector General for alleged "aggressive" inspections.

17. Defendant claimed in front of his peers they were going to send Plaintiff to "anger management" classes, simply to humiliate Plaintiff but never actually subjected him to those classes, and instead made Plaintiff re-take a Property Maintenance course (with new hires) despite that he had already taken such course **and passed the same**.

18. Upon information and belief, non-black and/or Caucasian employees have not been subjected to this type of surveillance or retaliation when marking valid failures/violations in their inspections.

19. Defendant, through Troise, maintains a widespread practice of stereotyping black (African-American) employees, including Plaintiff, as aggressive and disparately engaging in disciplinary actions.

20. Specifically, Defendant has issued multiple baseless and stereotypical disciplines to Plaintiff (that it has not issued to non-black and/or Caucasian employees), all which Plaintiff has objected to/complained about to Defendant's management and Human Resources as discriminatory. By way of example, but not intended to be an exhaustive list:

   a. On or about December 27, 2017, Defendant pretextually suspended Plaintiff for three days without pay for allegedly being "aggressive;"

   b. On or about June 29, 2018, Defendant discriminatorily and pretextually suspended Plaintiff without pay for ten days after again being accused of being "aggressive," "making others feel unsafe," and "unpleasant and hostile in the office," without any specific explanation to back up these accusations, which attempt to paint Plaintiff as a stereotypical "aggressive or threatening black male." Plaintiff was further accused of working outside of his assigned territory – which is false, as Plaintiff was transferred from the North Operations district to the West Operations district in early 2018 (as discussed *supra*) and had to close out his open cases from the North district before beginning in the West as required by Defendant, but never worked "outside his assigned territory; and

   c. On or about September 3, 2020, Defendant again accused Plaintiff of being "too aggressive" in conducting inspections and writing up code violations (all of which were valid failure/violations as discussed *supra*). On or about March 26, 2021, **_some six months later_**, Plaintiff was issued a 20-day unpaid suspension for this alleged behavior.

21. Plaintiff complained about each of these disciplines and baseless accusations to Troise; however, Troise simply responded that Plaintiff is "too aggressive," and dismissed Plaintiff concerns by specifically reminding Plaintiff that he [Troise] is "in control of [Plaintiff's] career."

22. Instead of meaningfully investigating Plaintiff's aforesaid concerns of discrimination and disparate treatment, Defendant's management, including but not limited to Troise, began to subject Plaintiff to increased hostility and animosity, through pretextual discipline and derogatory and disparate treatment. For example, but not intended to be an exhaustive sample:

   a. After Plaintiff's suspensions and as a result of Plaintiff's complaint regarding the same, Troise directed Plaintiff that he was no longer permitted to do "interior inspections," and instead relegated him only to only exterior

5

           inspections of menial and demeaning tasks such as trash, weeds, and dog poop;

    b.    Troise also directed new hires in Defendant's L&I Department not to talk to Plaintiff because he was purportedly "always in trouble" (which even though is disputed, any "trouble" Plaintiff was in fact in was solely because of Troise's discriminatory disciplines);

    c.    Troise removed Plaintiff's desk from all the other inspectors and kept Plaintiff isolated; and Troise's general demeanor with Plaintiff has been cold and dismissive, while Troise does not treat non-black and/or Caucasian employees in the same cold and dismissive manner;

    d.    Unlike his non-black and/or Caucasian co-workers, Plaintiff has been refused access to a Defendant issued vehicle to conduct his inspections, even when his personal vehicle was having mechanical issues; and

    e.    Dating back to 2020, Plaintiff disparately has not received reimbursement for mileage expended in his personal vehicles to drive to and from inspections despite repeated requests for reimbursements. Upon information and belief, non-African-American employees have continued to receive regularly paid reimbursement for mileage expended and have been permitted to utilize a Defendant issued vehicle when their personal vehicles were out of service. Plaintiff complained about Defendant's failure to reimburse him mileage costs to Defendant's Human Resources, as well as directly to Taylor and Grace.

23.    Plaintiff has complained to his supervisors and Human Resources as well Deputy Commissioner, Ralph DePietro (*hereinafter* "DePietro" – Caucasian), that he believes the unfair treatment he has been receiving is discriminatory and retaliatory.

24.    However, upon information and belief, Defendant has not engaged in any meaningful investigation into Plaintiff's complaints, and the discrimination and retaliation continues to date.

25.    Upon Plaintiff's further information and belief, no investigation into Plaintiff's mileage complaints has taken place, and Plaintiff to-date has not been reimbursed for owed mileage expenses for which non-black and/or Caucasian employees are regularly reimbursed.

26. Throughout his employment with Defendant, Plaintiff has tried his best to ignore Defendants unwanted harassment, discriminatory and retaliatory discipline/suspensions, and has made regular complaints about the same; however, the discriminatory and retaliatory harassment and behavior has not ceased. As a result, Plaintiff has been detrimentally affected by the harassment and has experienced depression, anxiety, emotional distress, and insomnia.

27. It is apparent Defendant is pretextually disciplining Plaintiff in an attempt to manufacture a reason to terminate him or attempt to force him to resign.

28. Plaintiff's supervisor Taylor openly discussed Plaintiff's most recent 20-day suspension and complaints related to the same in front of the entire L&I department (a personal HR matter) and in front of many colleagues called Plaintiff a "liar," and stated Plaintiff is "not to be trusted," in a blatant attempt to humiliate Plaintiff in front of his peers.

29. Based on the foregoing, Plaintiff believes and therefore avers that he was and is still being subjected to discrimination, retaliation, and to a hostile work environment because of his race and/or his objections to/complaints of race discrimination in violation of Title VII and the PHRA.

## COUNT I
### Violations of 42 U.S.C. § 1981 through 42 U.S.C. §1983[2]
### (Hostile Work Environment and Retaliation)

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiff has been subjected to a barrage of discriminatory and stereotypical comments, accusations, and discipline since in or about early 2017 on a regular and continuing

---

[2] A claim against a government actor for a violation of Section 1981 can in appropriate circumstances be brought under 42 U.S.C. § 1983. Walker v. City of Coatesville, No. 14-853, 2014 U.S. Dist. LEXIS 165434 (E.D. Pa. Nov. 26, 2014) (McHugh, J.) ("I conclude that the four-year statute of limitations established by 28 U.S.C. §1656 governs the Section 1981 claim that the plaintiff in this case has brought through Section 1983.").

basis and continues to be subjected to the same to date.

32. Plaintiff has been issued various unpaid suspensions for allegedly being too "aggressive" or making others feel "unsafe," which are clearly attempts at painting Plaintiff as a stereotypical aggressive black male with no legitimate explanation.

33. These actions are a part of a widespread practice of Defendants which establish a practice of stereotyping and discriminating against black (African-American) employees, including Plaintiff.

34. Plaintiff has regularly complained about this discriminatory and retaliatory treatment, including but limited to the instances of pretextual discipline, but upon information and belief, Defendant's management and Human Resources failed to do any meaningful investigation into Plaintiff's complaints and the discriminatory treatment has continued to date.

35. Plaintiff believes and therefore avers that he was and is still being subjected to discrimination, retaliation, and to a hostile work environment because of his race and/or his objections to/complaints of race discrimination. These actions as aforesaid constitute unlawful discrimination and retaliation under Section 1981.

## COUNT II
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
**(Hostile Work Environment and Retaliation)**

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Plaintiff has been subjected to a barrage of discriminatory and stereotypical comments, accusations, and discipline since in or about early 2017 on a regular and continuing basis and continues to be subjected to the same to date.

38.     Plaintiff has been issued various unpaid suspensions for alleged being too "aggressive" or making others feel "unsafe," which are clearly attempts at painting Plaintiff as a stereotypical aggressive black male with no legitimate explanation.

39.     Plaintiff has regularly complained about this discriminatory and retaliatory treatment, including but limited to the instances of pretextual discipline, but upon information and belief Defendant's management and Human Resources failed to do any meaningful investigation into Plaintiff's complaints and the discriminatory treatment has continued to date.

40.     Plaintiff believes and therefore avers that he was and is still being subjected to discrimination, retaliation, and to a hostile work environment because of his race and/or his objections to/complaints of race discrimination. .

41.     These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII.

## Count III
### Violations of the Pennsylvania Human Relations Act ("PHRA")
**(Hostile Work Environment and Retaliation)**

42.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43.     Plaintiff re-asserts the same claims as set forth in Count II herein, as they constitute the same violations of the Pennsylvania Human Relations Act ("PHRA"), which is the state equivalent of such laws interpreted and analyzed in the same manner in the Third Circuit.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A.      Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of retaliating against employees and is to be ordered to promulgate an effective

policy against such discrimination/retaliation and to adhere thereto (awarding Plaintiff such injunctive and/or equitable relief);

B.   Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, bonuses and medical and other benefits

C.   Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.   Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to emotional distress/pain and suffering damages - where permitted under applicable law(s)).

E.   Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.   Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.   Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **KARPF, KARPF & CERUTTI, P.C.** |
|  | Ari R. Karpf, Esq.<br>Allison A. Barker, Esq.<br>3331 Street Road<br>Building 2, Suite 128<br>Bensalem, PA 19020<br>(215) 639-0801 |
| Dated: April 29, 2022 |  |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Lloyd Miner | : | CIVIL ACTION |
| v. | : | |
| City of Philadelphia | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 4/29/2022 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 427 W. Upsal Street, Philadelphia, PA 19119

Address of Defendant: 1401 JFK Blvd, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/29/2022    *[signature]*    ARK2484 / 91538
           *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
   *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 4/29/2022    *[signature]*    ARK2484 / 91538
           *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MINER, LLOYD J.

**DEFENDANTS**
CITY OF PHILADELPHIA

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | | 864 SSID Title XVI | 890 Other Statutory Actions |
| | | | | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | [X] 442 Employment | 510 Motions to Vacate Sentence | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 1981 (42USC1981); Title VII (42USC2000)

Brief description of cause:
Violations of Section 1981, Title VII, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 4/29/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

Print   Save As...   Reset